UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERNESTO CASTRO, individually
and on behalf of others similarly situated,

                   Plaintiff,

        -against-

A & M DISCOUNT FURNITURE INC. d/b/a
A & M DISCOUNT FURNITURE, A & M
DISCOUNT FURNITURE II INC. d/b/a A & M
DISCOUNT FURNITURE and AVRAHAM
ALHARAR,

                 Defendants.
-------------------------------------------------------------X

Case No.: 17-cv-4226

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

Plaintiff Ernesto Castro ("Plaintiff") individually and on behalf of others similarly situated, by and through his attorneys, Frank & Associates, P.C., brings this action against Defendants A & M Discount Furniture Inc. ("A&M"), A & M Discount Furniture II Inc. ("A&M II") both d/b/a A & M Discount Furniture and Defendant Avraham Alharar (collectively "Defendants") and respectfully alleges as follows:

## INTRODUCTION

1.    Plaintiff was a non-exempt store helper and local delivery employee denied overtime pay, minimum wage and spread of hours pay.

2.    Plaintiff alleges the Defendants thereby violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), and the New York Labor Law ("NYLL") and he is entitled to recover from Defendants: (a) unpaid overtime compensation; (b) unpaid minimum wages; (c) unpaid spread of hours premium; (d) liquidated damages of 100%; (e) pre and post-judgment interest on the amounts determined to be owing; and (f) attorneys' fees and costs.

1

3.      Since Defendants willfully failed and refused to provide Plaintiff with Federal and State mandated contributions for required employment benefits such as Social Security, Medicare and Unemployment Compensation, Plaintiff is also entitled to recover all compensatory damages and punitive damages in amounts to be determined at trial.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the claim for unlawful employment practices occurred in Nassau County, New York.

## PARTIES

### The Plaintiff

6.      At all times, relevant to the Complaint, Plaintiff Ernesto Castro was and is currently a resident of Nassau County, New York.

7.      At all times relevant to the Complaint, Plaintiff was employed by Defendants as a store furniture assembler and deliveryman.

8.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of FLSA 29 U.S.C. § 203(e) and NYLL § 190(2).

### The Defendants

9.      Defendant A&M was and still is a domestic business corporation incorporated under the laws of the State of New York.

2

10.    Defendant A&M operates a furniture store located at 120 Fulton Avenue, Hempstead, NY 11550.

11.    At all times relevant to the Complaint, Defendant A&M was an "employer" within the meaning of the FLSA, 29 U.S.C. §203 (d) and NYLL §190 (3).

12.    Defendant A&M II was and still is a domestic business corporation incorporated under the laws of the State of New York.

13.    Defendant A&M II operates a furniture store located at 252-18B Rockaway Blvd., Rosedale, NY 11422.

14.    At all times relevant to the Complaint, Defendant A&M II was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15.    Upon information and belief, Defendants A&M and A&M II are collectively owned and operated and together do business as A & M Discount Furniture.

16.    At all relevant times, Defendants A&M and A&M II were and are "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

17.    At all relevant times, Defendants A&M and A&M II have and have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18.    At all relevant times, Defendants A&M and A&M II have and have had annual gross volume of sales in excess of $500,000.

19.    Defendant Avraham Alharar owns/operates A&M and A&M II. He has authority over personnel decisions at A&M and A&M II, including the power to direct the work of

employees, hire and fire them and determine their employee compensation, benefits and all other terms of employment.

20.     At all times relevant to the Complaint, Defendant Avraham Alharar was an "employer" within the meaning of FLSA, 29 U.S.C. §203(d) and NYLL §190(3).

## FACTUAL ALLEGATIONS

21.     Plaintiff was employed by Defendants, to work at both business locations, from November 2016 to February 23, 2017. He performed such non-exempt duties as delivering and assembling furniture.

22.     Throughout his employment with Defendants, Plaintiff regularly worked five (5) days per week from 9:00 a.m. to 8:00 p.m. on Monday, Tuesday, Thursday and Sunday, and from 9:00 a.m. to 9:00 p.m. on Wednesday, with a thirty (30) minute lunch break each day, for a total of fifty-three and one-half (53.5) of active employment hours per week.

23.     Plaintiff was paid in cash at a flat rate of $100 per day regardless of the number of hours he worked, $500 for his 53.5 hours of work each week.

24.     The flat sum paid to Plaintiff covered the first forty (40) hours of Plaintiff's work. The additional thirteen and one-half (13 ½) hours of work needed to be paid at a rate of time and one-half times Plaintiff's regular rate of $12.50 or $18.75 each overtime hour.

25.     Plaintiff was therefore underpaid overtime pay each week of his employment of $253.12.

26.     Defendants also failed to pay Plaintiff for his final week of employment prior to his termination of February 23, 2017, in the amount of $753.12

27.     Defendants willfully failed to pay Plaintiff one additional hour pay at the statutory minimum wage rate for each day that the length of the interval between the beginning and end of his workday when it exceeded ten (10) as required by 12 NYCRR §142-2.4.

28.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

29.     Defendants did not provide Plaintiff with complete, true and accurate weekly wage statements listing his hourly rate, the overtime hours he worked, his gross income, deductions from pay, and/or additions to pay and net wages as required by law.

30.     Defendants did not provide Plaintiff with written notice, in his primary language of Spanish, of his rate of pay, the basis thereof, his overtime rate of pay, any allowances claimed by the employer, the employer's regular pay day, the name of the employer, including any "doing business names," the employer's address and the employer's telephone number at the time of Plaintiff's hire as required by law.

31.     Plaintiff commenced his employment with Defendants with the expectation that proper contributions to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare would be made on his behalf. However, throughout the entirety of Plaintiff's employment, Defendants failed to make any such contributions.

32.     When Defendant employed Plaintiff, they assumed a fiduciary duty towards Plaintiff to pay Plaintiff proper wages for all work performed for his benefit, and to pay mandated contributions and benefits on Plaintiff's behalf for Social Security benefits, Unemployment Insurance benefits, New York Disability Insurance, and Medicare contributions dependent on the wages earned by Plaintiff.

33.    In fact, rather than making these contributions, Defendants converted the contributions for their own use, excluded Plaintiff from his expected use and enjoyment and deprived Plaintiff of significant future financial benefits.

34.    By converting these contributions for their own use, Defendants were unjustly enriched.

## COLLECTIVE ACTION CLAIMS

35.    Plaintiff brings his FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

36.    At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

37.    At all relevant times, Plaintiff, and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and to pay them at least one and one-half times the greater of either their regular rate or the minimum wage for every hour of work in excess of forty (40) hours per workweek.

38.    The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

39.    The FLSA Collective is readily identifiable and locatable through the use of Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of minimum wage and overtime pay in violation

of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA

40.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

41.    Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA.

42.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

43.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

44.    As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the NYLL

45.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

46.     Defendants required Plaintiff to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of his regular hourly rate or the minimum wage in violation of the NYLL.

47.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

48.     Due to Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Pay Spread of Hours Wages in Violation of the NYLL

49.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

50.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

51.     By Defendants failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL and its supporting regulations including, but not limited to, 12 N.Y.C.R.R. § 142-2.4.

52.     Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff is entitled to recover from Defendants their unpaid "spread of hours" premium, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of the NYLL**

53.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

54.     Defendants, in violation of NYLL §652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

55.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum wage.

56.     Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3)**

57.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

58.     Defendants failed to provide Plaintiff with an accurate statement of, *inter alia*, their regular rate of pay, their overtime rate of pay, their hours worked, his regular payday, the name, address and telephone number of the employer, and other information required by NYLL § 195(3).

59.     Defendants' violations of the NYLL and its supporting regulations entitle Plaintiff to recover damages of $250 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
**Failure to Provide Notice of Pay Rate in Violation of NYLL § 195(1)**

60.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

61.     Defendants failed to provide Plaintiff with notice, in English and in his primary language of Spanish, of their rate of pay, the basis thereof, the employer's regular pay day, the name, address and telephone number of the employer and other information required by NYLL § 195(1).

62.     Defendants' violations of the NYLL and its supporting regulations entitle Plaintiff to recover damages of $50 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
**Failure to Pay Earned Wages on a Timely Basis in Violation of NYLL §191**

63.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

64.     Defendants failed to pay Plaintiff on a timely basis as required by NYLL §191.

65.     As manual workers, Defendants were required to pay Plaintiff weekly and not more than seven days after the end of each pay period.

66.     Defendants failed to provide Plaintiff his weekly wages for the final week of his employment.

67.     Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff is entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### EIGHTH CAUSE OF ACTION
**Conversion**

68.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

69.     Defendants unlawfully converted benefits and contributions that should have been made to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare on Plaintiff's behalf.

70.     Defendants intentionally, purposely and fraudulently converted these funds for their own benefit.

71.     Defendants intended to fraudulently convert these contributions for the purpose of exploitation for their own financial benefit and, in essence, to steal Plaintiff's money.

72.     Defendants interfered with Plaintiff's right to these contributions, and continue to possess these funds to this day.

73.     Plaintiff is entitled to recover from Defendants his actual, compensatory, expectation, and punitive damages in an amount to be determined at trial, but in any event, no less than $1,000,000.

### NINTH CAUSE OF ACTION
**Fraud**

74.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

75.     Defendants fraudulently and intentionally withheld benefits and contributions to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare, which should have been made on Plaintiff's behalf.

76.     Defendants intended to fraudulently withhold these contributions for the purpose of exploitation for their own financial benefit and, in essence, to steal Plaintiff's money.

77.     Plaintiff justifiably relied on Defendants, as his employer, to make proper contributions to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare on his behalf.

78.     Upon information and belief, Defendants represented to Plaintiff that these contributions would be made on Plaintiff's behalf for all hours worked. As a result of Defendants' misrepresentations, Plaintiff suffered financially.

79.     As a result of Defendants' actions, Plaintiff is entitled to recover from Defendants his actual, compensatory, expectation, and punitive damages in an amount to be determined at trial, but in any event, no less than $1,000,000.

## TENTH CAUSE OF ACTION
### Breach of Fiduciary Duty

80.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

81.     Defendants had a fiduciary duty to Plaintiff as his employer to ensure that proper contributions were made to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare.

82.     Defendants breached its duty to Plaintiff when it failed to make such contributions.

83.     Due to Defendants' breach, Plaintiff suffered actual damages, including but not limited to, not having contributions made to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare.

84.     As a result of Defendants' actions, Plaintiff is entitled to recover from Defendants his actual, compensatory, expectation, and punitive damages in an amount to be determined at trial, but in any event, no less than $1,000,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of unpaid wages due under the New York Labor Law;

(c)     An award of unpaid minimum wages due under the New York Labor Law;

(d)     An award of "spread of hours" premium due under the New York Labor Law;

(e)     An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. §216.

(f)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation, minimum wages, or "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)     An award of civil penalties as a result of Defendants' violation of the New York Labor Law's notice provisions pursuant to NYLL §§ 198(1-b) and 198(1-d);

(h)     An award of unpaid contributions to Federal and State mandated benefit programs;

(i)    An award of punitive damages;

(j)    An award of pre-judgment and post-judgment interest;

(k)    Awarding Plaintiff reasonable costs and fees of this action;

(l)    Awarding Plaintiff his attorney fees pursuant to 42 U.S.C. § 1988; and

(m)    Such other and further relief as the Court deems just and proper.


Dated: July 11, 2017                    FRANK & ASSOCIATES, P.C
       Farmingdale, New York

                                        Neil M. Frank, Esq.
                                        500 Bi-County Blvd., Suite 465
                                        Farmingdale, New York 11735
                                        Tel: (631) 756-0400
                                        Fax:(631) 756-0547
                                        NFrank@laborlaws.com

                                        *Attorneys for Plaintiff*

14